# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

| | | |
|---|---|---|
| **MICHAEL ALLEN HUFF,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CAUSE NO. 3:17-CV-212 JM** |
| **v.** | ) | |
| | ) | |
| **BENJAMIN BEERS,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION and ORDER

Michael Allen Huff, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE # 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a-b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Courts apply the same standard under Section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts to state a claim for relief that is plausible on its face and to raise the right to relief above the speculative level. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). In deciding whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Huff alleges that Correctional Officer Benjamin Beers assaulted him on February 25, 2017. He also alleges that Officer Beers has continually harassed him while he has been housed at the Pulaski County Justice Center. In addition, Huff complains that Jail Commander Stephen Tabler does not do anything to curb Officer Beers' conduct. It is apparent from the complaint that Huff did not exhaust his administrative remedies with respect to these claims before filing suit.

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although the failure to exhaust is an affirmative defense, dismissal at this stage is appropriate if the defense is "unmistakable" and "apparent from the complaint itself." *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002); *see also Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) (dismissal on the basis of an affirmative defense is appropriate when the plaintiff pleads himself out of court). Huff's complaint meets this standard.

To satisfy the exhaustion requirement, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process,

exhaustion has not occurred." *Id.* at 1023. Here, Huff admits that he could have used the

jail's grievance system, but states that he did not do so because:

> All grievances no matter who addressed to, go through J.C. Stephen
> Tabler, who is going along with these activities, and doing them himself.

(DE # 1 at 5.) This allegation makes clear that there is a grievance process available at

the jail, but that Huff opted not to seek relief through this process.

The U.S. Supreme Court has made clear that exhaustion is not optional but is

instead a mandatory prerequisite to filing suit over prison conditions. *Woodford v. Ngo*,

548 U.S. 81, 85 (2006). "Section 1997e(a) says that exhaustion must precede litigation.

'No action shall be brought' until exhaustion has been completed [and] . . . it is essential

to keep the courthouse doors closed until those efforts have run their course." *Ford v.*

*Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Huff does not allege, nor can it reasonably be

inferred, that jail staff made the grievance process unavailable to him by failing to

provide the necessary forms or otherwise hindering his efforts to file a grievance. *See*

*Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). Instead, Huff chose not to file a

grievance because he believed it would be decided by Stephen Tabler. He does not have

a right to dictate who decides his grievance, however, and is instead required to follow

the grievance process established by the facility. *Pozo*, 286 F.3d at 1023. Because it is

apparent from the complaint that Huff has not exhausted his administrative remedies,

Section 1997e(a) requires that this suit be dismissed without prejudice. *See Ford v.*

*Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

For these reasons, the complaint is **DISMISSED WITHOUT PREJUDICE**

pursuant to 28 U.S.C. §1915A.

**SO ORDERED.**

Date: May 3, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

4